IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(NEW ALBANY DIVISION)

KENDALL BOYD                                             PLAINTIFF
6218 John Wayne Drive
Charlestown, Indiana 47111


                                      Case No. _____

v.                                    Judge_____


GREAT LAKES EDUCATIONAL LOAN SERVICES, INC.              DEFENDANTS
2401 International Lane
Madison, Wisconsin 53704

        SERVE:    CT Corporation System
                  301 S. Bedford Street, Suite 1
                  Madison, Wisconsin 53704
                  (BY INDIANA SECRETARY OF STATE)
AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:    Corporation Service Company
                  135 North Pennsylvania Street, Suite 1610
                  Indianapolis, Indiana 46204
                  (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Kendall Boyd, by counsel, and for his Verified Complaint against the

Defendants, Great Lakes Educational Loan Services, Inc. ("GLELS") and Equifax Information

Services, LLC ("Equifax") states as follows:

## I. **PRELIMINARY STATEMENT**

1.     This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; GLELS's false reporting to Equifax of an alleged current late status on Plaintiff's zero balance, transferred student loan and GLELS's impermissible reporting of default history on Plaintiff's zero balance, transferred student loan; and Defendants' failure to correct GLELS's false reporting on Plaintiff's credit report.

## II. **PARTIES**

2.     Plaintiff, Kendall Boyd, is currently and was at all relevant times a citizen of the State of Indiana, residing at 6218 John Wayne Drive, Charlestown, Indiana 47111.

3.     Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant, GLELS, is a Wisconsin corporation and a student loan lender doing business in the State of Indiana, with its principal place of business at 2401 International Lane, Madison, Wisconsin 53704.

5.     GLELS is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b) and a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §1692a(6).

6.     Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the State of Indiana, with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.     Equifax is regularly engaged in the business of assembling, evaluating and

dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

12.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Clark County, Indiana as a result of the Defendants' doing business in Clark County, Indiana.

### IV. FACTUAL BACKGROUND

13.     In or around October 2020, Plaintiff accessed his Equifax credit report and discovered that GLELS was reporting a current late status and default history on Plaintiff's zero balance, transferred GLELS student loan account.

14.     Prior to October 2020, and upon information and belief, the United States Department of Education assigned or otherwise transferred the student loan accounts to GLELS.

15.     Immediately upon discovering GLELS's false and derogatory tradeline, which showed Plaintiff's student loan account with a default history and 120-day current late status, the Plaintiff filed a written dispute with Equifax regarding the inaccuracy of the tradeline, given the prohibition of derogatory payment history reporting of transferred loans, as set forth in 20 U.S.C. §1078-6(c) and 34 C.F.R. §682.405(b)(2).

16.     Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified GLELS of the dispute at or within five (5) days of Equifax receiving notice of the dispute from Plaintiff.

17.     Despite Plaintiff's lawful request for removal or amendment of the disputed item, pursuant to the FCRA, in November 2020, GLELS and Equifax failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiff's credit report or to amend Plaintiff's

credit report.

18.    Upon information and belief, GLELS and Equifax did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any or sufficient attempts to remove the disputed item or to amend Plaintiff's credit report within a reasonable time following their receipt of Plaintiff's dispute.

19.    The Defendants' actions have damaged Plaintiff, in that Plaintiff has been denied credit and /or has been forced to pay a high rate or interest for credit, due to the Defendants' failure to investigate Plaintiff's disputes and to remove or amend the subject GLELS tradeline.   In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – GLELS

20.    Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

21.    GLELS's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax are violations of GLELS's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

22.    GLELS's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which GLELS is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

23.    Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

24.    Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or

amend its reporting of the subject tradeline, despite knowledge of the falsity of the disputed item, are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

25.    Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

26.    Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – GLELS

27.    Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

28.    GLELS's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax, despite GLELS's knowledge of the falsity of its reporting, are willful violations of GLELS's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

29.    Given GLELS's knowledge of the falsity of its reporting, GLELS's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which GLELS is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

30.    Plaintiff hereby adopts and incorporates the allegations contained in the above-

pleaded paragraphs as if fully set forth herein.

31.     Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline, despite Equifax's knowledge of the falsity of the disputed item, are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

32.     Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

33.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Kendall Boyd, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,


/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY  40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
Counsel for Plaintiff

## VERIFICATION

I, Kendall Boyd, hereby state that I have read the foregoing Verified Complaint, and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_Kendall Boyd_
Kendall Boyd


STATE OF INDIANA          )
                          ) SS
COUNTY OF CLARK           )

Subscribed, sworn to and acknowledged before me by Kendall Boyd this 22nd day of _February_, 2021.

_Cheryl Howell_
Notary Public

CHERYL HOWELL
Notary Public, State of Indiana
Clark County
Commission Number NP0716399
My Commission Expires
October 21, 2026

Commission expires: _10-21-2026_

8